HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PETER E. JENSEN,<br><br>   Plaintiff,<br><br> v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, et al.,<br><br>   Defendants. | CASE NO. 3:13-cv-5449<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

THIS MATTER is before the Court on Plaintiff's Motion to Remand (Dkt. #5). Defendant Terex Corporation removed to federal court based on diversity jurisdiction, and Plaintiff seeks to remand to Pierce County Superior Court in Washington. The parties disagree over whether complete diversity exists. Saberhagen Holdings's presence as a properly joined Washington corporation defeats diversity, therefore Plaintiff's Motion to Remand is GRANTED.

**I. FACTS**

Plaintiff Peter E. Jensen, an Arizona resident diagnosed with mesothelioma and lung cancer, filed suit in Washington's Pierce County Superior Court on March 22, 2013 against various defendants. Plaintiff claims that Defendants' acts of mining, manufacturing, producing, or placing into the stream of commerce asbestos-containing products exposed Plaintiff to

1   asbestos during his employment with the U.S. Navy as a heavy equipment operator. Plaintiff

2   claims this exposure proximately caused his diagnosis of mesothelioma and lung cancer.

3         Plaintiff served Defendant Saberhagen Holdings, a Washington corporation, on or about

4   March 27, 2013.  Plaintiff served Defendant Terex, a Delaware corporation, on or about May 8,

5   2013.  Terex removed the suit to federal district court on the basis of diversity jurisdiction

6   pursuant to 28 U.S.C. §§ 1332 and 1441(b).  Terex claims it removed the case based on its

7   understanding and belief that all other Defendants other than Terex and FMC Corporation, (both

8   Delaware citizens) would be dismissed from the suit.

9         Plaintiff seeks Remand arguing that this court does not have jurisdiction because the

10  parties are not diverse. The parties do not dispute that the amount in controversy exceeds

11  $75,000.  It is undisputed that Defendant Saberhagen Holdings is a citizen of Washington state.

12  Plaintiff asserts that Saberhagen was properly joined as a defendant, and its presence in the suit

13  destroys diversity jurisdiction pursuant to 28 U.S.C. §1441(b)(2).  If complete diversity does not

14  exist, the case must be remanded back to Pierce County Superior Court.

15                  **II.   DISCUSSION**

16     **A.  Legal Standard**

17        An action is removable to a federal court only if it could have been brought there

18  originally. 28 U.S.C. § 1441(a). 28 U.S.C § 1332(a)(1) provides, in relevant part, "The district

19  courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds

20  the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . citizens of

21  different States."  28 U.S.C § 1332(a)(1).  The forum-defendant rule limits removal: outside of

22  federal-question jurisdiction, "action[s] shall be removable only if none of the parties in interest

23

24

properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

There is a strong presumption against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). The defendant always bears the burden of establishing the propriety of removal. *Id.* If at any time before final judgment, the court determines that it is without subject matter jurisdiction, the action shall be remanded to state court. 28 U.S.C. § 1447(c).

### B. Diversity Jurisdiction

The federal court's removal authority in this case turns on the application of the forum-defendant rule. If Saberhagen is properly in the suit, then its Washington citizenship prohibits removal under 28 U.S.C. § 1441(b)(2). In support of its claim that removal was proper, Defendant Terex argues that Plaintiff does not intend to pursue any claims against Saberhagen, but even if Plaintiff does not dismiss such claims, Saberhagen is only a nominal party who was fraudulently joined solely to defeat diversity and prevent removal. Defendant's Response to Plaintiff's Motion to Remand (Dkt. #8, at 4). Plaintiff denies these allegations and asserts that it intends to pursue claims against Saberhagen as a real party in interest.

Diversity requires that each plaintiff be a citizen of a different state from each of the defendants. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089 (9th Cir. 2004) (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). However, if a non-diverse defendant has been "fraudulently joined," then that party's presence is ignored when the court determines the existence of diversity. *United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)).

1       "Fraudulent Joinder" is a term of art. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)(citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). The non-diverse defendant has been fraudulently joined if the plaintiff fails to state a cause of action against that defendant and that failure is obvious according to the settled laws of the state. *McCabe*, 811 F.2d at 1339. The removing defendant is entitled to present facts outside of the complaint to establish that a party has been fraudulently joined. *Id.* Doubt concerning whether the complaint states a cause of action is resolved in favor of remanding the case to state court. *Albi v. Street & Smith Publications*, 140 F.2d 310, 312 (9th Cir. 1944).

      Defendant Terex cannot meet its high burden of showing that Plaintiff fails to state a cause of action against Saberhagen under the laws of Washington. Plaintiff has pled colorable negligence and strict liability claims against Saberhagen, which is enough to show that Saberhagen was not fraudulently joined.

      First, Terex has not shown that Plaintiff does not intend to pursue its claims against Saberhagen. Terex claims that it received information from Plaintiff's counsel that it intends to dismiss Saberhagen. Plaintiff explains that Terex inferred this from Plaintiff's decision to offer dismissals to a number of other defendants, not including Saberhagen. Terex also claims that Plaintiff's failure to seek immediate relief from the bankruptcy court's automatic stay of claims against Saberhagen demonstrates that Plaintiff does not intend to pursue these claims. Plaintiff explains that he did not seek immediate relief from the automatic stay in this case because he did not yet feel it was necessary. Furthermore, Saberhagen's bankruptcy case has been dismissed and the automatic stay lifted. Notice of Dismissal of Bankruptcy of Defendant Saberhagen Holdings, Inc. (Dkt. #12).

Second, Terex has not shown that Plaintiff does not have colorable claims against Saberhagen. Terex claims that Plaintiff has not alleged facts that would entitle him to relief from Saberhagen, and therefore Saberhagen is a nominal party whose presence in the suit should not defeat diversity jurisdiction. Plaintiff cites facts in the record to support its claim against Saberhagen. Saberhagen's predecessor The Brower Company was an insulation contractor for Boeing's Plant 2 during the time Mr. Jensen worked there. Plaintiff's Reply To Terex Corp.'s Response To Plaintiff's Motion To Remand (Dkt. #10 at 4). Plaintiff alleges that he was exposed to asbestos fibers generated by The Brower Company's contract services. Plaintiff has alleged facts that could entitle him to recovery against Saberhagen.

### III.   CONCLUSION

Defendant Terex has not met its burden of showing that Saberhagen was fraudulently joined. Saberhagen's presence in the suit as a properly joined defendant defeats diversity jurisdiction and requires remand back to Pierce County Superior Court. The Court will not award fees on this Motion. Plaintiff's Motion to Remand is GRANTED and the case is REMANDED to Pierce County Superior Court. The Clerk shall send uncertified copies of this Order to all counsel and to the Clerk of the Pierce County Superior Court.

IT IS SO ORDERED.

Dated this 29th day of July, 2013.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE