HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETER E. JENSEN,

             Plaintiff,

   v.

METROPOLITAN LIFE INSURANCE
COMPANY, et al.,

             Defendants.

CASE NO. 3:13-cv-5449

ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND

THIS MATTER is before the Court on Plaintiff's Motion to Remand (Dkt. #5).
Defendant Terex Corporation removed to federal court based on diversity jurisdiction, and
Plaintiff seeks to remand to Pierce County Superior Court in Washington. The parties disagree
over whether complete diversity exists. Saberhagen Holdings's presence as a properly joined
Washington corporation defeats diversity, therefore Plaintiff's Motion to Remand is GRANTED.

## I.     FACTS

Plaintiff Peter E. Jensen, an Arizona resident diagnosed with mesothelioma and lung
cancer, filed suit in Washington's Pierce County Superior Court on March 22, 2013 against
various defendants. Plaintiff claims that Defendants' acts of mining, manufacturing, producing,
or placing into the stream of commerce asbestos-containing products exposed Plaintiff to

asbestos during his employment with the U.S. Navy as a heavy equipment operator. Plaintiff claims this exposure proximately caused his diagnosis of mesothelioma and lung cancer.

Plaintiff served Defendant Saberhagen Holdings, a Washington corporation, on or about March 27, 2013.  Plaintiff served Defendant Terex, a Delaware corporation, on or about May 8, 2013.  Terex removed the suit to federal district court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(b).  Terex claims it removed the case based on its understanding and belief that all other Defendants other than Terex and FMC Corporation, (both Delaware citizens) would be dismissed from the suit.

Plaintiff seeks Remand arguing that this court does not have jurisdiction because the parties are not diverse. The parties do not dispute that the amount in controversy exceeds $75,000.  It is undisputed that Defendant Saberhagen Holdings is a citizen of Washington state. Plaintiff asserts that Saberhagen was properly joined as a defendant, and its presence in the suit destroys diversity jurisdiction pursuant to 28 U.S.C. §1441(b)(2).  If complete diversity does not exist, the case must be remanded back to Pierce County Superior Court.

## II.   DISCUSSION

### A.  Legal Standard

An action is removable to a federal court only if it could have been brought there originally.  28 U.S.C. § 1441(a).  28 U.S.C § 1332(a)(1) provides, in relevant part, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C § 1332(a)(1).  The forum-defendant rule limits removal: outside of federal-question jurisdiction, "action[s] shall be removable only if none of the parties in interest

1    properly joined and served as defendants is a citizen of the State in which such action is

2    brought."  28 U.S.C. § 1441(b).

3          There is a strong presumption against removal jurisdiction, and federal jurisdiction "must

4    be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles,*

5    *Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).  The defendant always bears the

6    burden of establishing the propriety of removal.  *Id.*  If at any time before final judgment, the

7    court determines that it is without subject matter jurisdiction, the action shall be remanded to

8    state court.  28 U.S.C. § 1447(c).

9          **B.  Diversity Jurisdiction**

10         The federal court's removal authority in this case turns on the application of the forum-

11   defendant rule. If Saberhagen is properly in the suit, then its Washington citizenship prohibits

12   removal under 28 U.S.C. § 1441(b)(2).  In support of its claim that removal was proper,

13   Defendant Terex argues that Plaintiff does not intend to pursue any claims against Saberhagen,

14   but even if Plaintiff does not dismiss such claims, Saberhagen is only a nominal party who was

15   fraudulently joined solely to defeat diversity and prevent removal.  Defendant's Response to

16   Plaintiff's Motion to Remand (Dkt. #8, at 4).  Plaintiff denies these allegations and asserts that it

17   intends to pursue claims against Saberhagen as a real party in interest.

18         Diversity requires that each plaintiff be a citizen of a different state from each of the

19   defendants.  *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089 (9th Cir. 2004) (citing *Morris v. Princess*

20   *Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). However, if a non-diverse defendant has

21   been "fraudulently joined," then that party's presence is ignored when the court determines the

22   existence of diversity. *United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th

23   Cir. 2002) (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)).

24

ORDER GRANTING PLAINTIFF'S MOTION TO
REMAND - 3

1    "Fraudulent Joinder" is a term of art. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061,

2    1067 (9th Cir. 2001)(citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.

3    1987)). The non-diverse defendant has been fraudulently joined if the plaintiff fails to state a

4    cause of action against that defendant and that failure is obvious according to the settled laws of

5    the state. *McCabe*, 811 F.2d at 1339. The removing defendant is entitled to present facts outside

6    of the complaint to establish that a party has been fraudulently joined.  *Id.*  Doubt concerning

7    whether the complaint states a cause of action is resolved in favor of remanding the case to state

8    court. *Albi v. Street & Smith Publications*, 140 F.2d 310, 312 (9th Cir. 1944).

9    Defendant Terex cannot meet its high burden of showing that Plaintiff fails to state a

10   cause of action against Saberhagen under the laws of Washington. Plaintiff has pled colorable

11   negligence and strict liability claims against Saberhagen, which is enough to show that

12   Saberhagen was not fraudulently joined.

13   First, Terex has not shown that Plaintiff does not intend to pursue its claims against

14   Saberhagen. Terex claims that it received information from Plaintiff's counsel that it intends to

15   dismiss Saberhagen. Plaintiff explains that Terex inferred this from Plaintiff's decision to offer

16   dismissals to a number of other defendants, not including Saberhagen.  Terex also claims that

17   Plaintiff's failure to seek immediate relief from the bankruptcy court's automatic stay of claims

18   against Saberhagen demonstrates that Plaintiff does not intend to pursue these claims.  Plaintiff

19   explains that he did not seek immediate relief from the automatic stay in this case because he did

20   not yet feel it was necessary. Furthermore, Saberhagen's bankruptcy case has been dismissed and

21   the automatic stay lifted.  Notice of Dismissal of Bankruptcy of Defendant Saberhagen Holdings,

22   Inc. (Dkt. #12).

23

24

ORDER GRANTING PLAINTIFF'S MOTION TO
REMAND - 4

1    Second, Terex has not shown that Plaintiff does not have colorable claims against

2 Saberhagen. Terex claims that Plaintiff has not alleged facts that would entitle him to relief from

3 Saberhagen, and therefore Saberhagen is a nominal party whose presence in the suit should not

4 defeat diversity jurisdiction. Plaintiff cites facts in the record to support its claim against

5 Saberhagen. Saberhagen's predecessor The Brower Company was an insulation contractor for

6 Boeing's Plant 2 during the time Mr. Jensen worked there. Plaintiff's Reply To Terex Corp.'s

7 Response To Plaintiff's Motion To Remand (Dkt. #10 at 4). Plaintiff alleges that he was exposed

8 to asbestos fibers generated by The Brower Company's contract services. Plaintiff has alleged

9 facts that could entitle him to recovery against Saberhagen.

### III.    CONCLUSION

11    Defendant Terex has not met its burden of showing that Saberhagen was fraudulently

12 joined.  Saberhagen's presence in the suit as a properly joined defendant defeats diversity

13 jurisdiction and requires remand back to Pierce County Superior Court.  The Court will not

14 award fees on this Motion.  Plaintiff's Motion to Remand is GRANTED and the case is

15 REMANDED to Pierce County Superior Court. The Clerk shall send uncertified copies of this

16 Order to all counsel and to the Clerk of the Pierce County Superior Court.

17    IT IS SO ORDERED.

18    Dated this 29th day of July, 2013.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE